### PRESS PUB. CO. v. EHRICH.

(Supreme Court, Appellate Division, First Department.   December 30, 1909.)

CONTRACTS (§ 234*)—CONSTRUCTION—COMPENSATION—DISCOUNTS.

A contract between five advertisers, designated as parties of the first part, and a newspaper publisher, designated as party of the second part, for a special discount to the five advertisers on advertisements inserted in the newspaper, stipulated that, if any of the advertisers should give in any month to any other newspaper a larger number of columns of advertisements than to the newspapers of the publisher, the advertiser should not be entitled for such month to the discount unless he made up such deficiency in the course of the contract year, or unless the deficiency was made up by the other advertisers under the contract in the aggregate in the course of the contract year. *Held*, that each month should be considered separately and the discount allowed according to the relative amount of advertising during the month, but, where an advertiser fell behind in any month, he might be entitled to the discount where he made up the deficiency in the course of the contract year, or where such deficiency was made up by the other advertisers under the contract, and an advertiser could avail himself of the aggregate excess of all the advertisers to make up a deficiency in his own advertising for any month or months, though for the whole year there would still be a deficiency.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1099, 1100; Dec. Dig. § 234.*]

Laughlin and Houghton, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by the Press Publishing Company against Jules S. Ehrich, doing business under the firm name and style of Ehrich Bros.   From a judgment for plaintiff entered after trial by the court without a jury, defendant appeals.   Modified and affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Abraham Benedict, for appellant.
W. H. Van Benschoten, for respondent.

SCOTT, J.   This action involves the question as to the proper construction to be given to a contract providing for a special preferential discount to be given to five advertisers (of whom defendant is one) upon advertisements inserted in the newspaper published by plaintiff. The contract is for one year from January 1, 1907.   The defendant, with four other business houses, are constituted parties of the first part, and plaintiff is constituted party of the second part.   The contract provides for certain commissions, rebates, and discounts. Then follows the clause concerning which a controversy has arisen. It reads as follows:

"And in addition thereto a space discount of ten per cent. (10%) to each of the advertisers who shall in any month furnish to the week-day Morning, Sunday or Evening edition of 'The World,' respectively, as many columns of advertisement as he furnishes to the corresponding edition of any other newspaper (which additional discount is equivalent to a net rate of sixty-four and 16/100 dollars [$64.16] per column in such edition); provided, however, that if any advertiser shall give in any month to any other Sunday week-day

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

morning or evening paper, respectively, a larger number of columns of advertisements than he gives in such a month to the corresponding Sunday, week-day morning or evening editions of 'The World,' respectively then such advertiser shall not be entitled, for such month, to the extra ten per cent. (10%) space discount upon his business in the editon in which such deficiency occurs, unless he makes up such deficiency in the course of the contract year, or unless such deficiency is made up by the other Advertisers hereunder, in the aggregate in the course of the contract year."

The defendant's advertising showed a substantial deficiency, under this clause, for each month of the contract year. Taking all five advertisers together, however, there was an aggregate excess for the year of 11,607 lines. The question is whether defendant is entitled to treat this excess as making up any part of his deficiency, so as to entitle him to the space discount for any part of the year. The clause above quoted takes a month as the unit of calculation. The advertiser is entitled to the discount if he shall "in any month" give the plaintiff's newspaper as much advertising as he gives to any other newspaper, and he forfeits' the discount if he gives "in any month" more advertising to another paper than he gives to plaintiff's. It seems to be clear that it was intended that each month should be considered separately and the discount allowed or withheld according to the relative amount of advertising during that month. But provision is made whereby the advertiser, even if he fell behind in any month, may still be entitled to the discount for that month. He may be so entitled if (a) he makes up such deficiency in the course of the contract year; or (b) such deficiency is made up by the other advertisers hereunder in the aggregate in the course of the contract year.

I think that it was the clear intention of the contract that if an advertiser showed a deficiency for any month, and yet at the end of the year showed an excess in the aggregate equal to or exceeding the month's deficiency, the excess should be counted as making up the deficiency. If this be so, it must be equally true that the excess furnished by all the advertisers in the aggregate should be counted towards making up the deficiency. In view of the care with which it is provided that the discount is to be allowed upon each month's computation and comparison of advertising, I can see no foundation for the claim made by plaintiff and sustained by the court below, that, in order to take advantage of any excess at the end of the year earned by the other advertisers, the excess must be equal to the defendant's deficiency for the whole year. On the contrary, as it seems to me, defendant is entitled to avail himself of the aggregate excess to make up the deficiency in his own advertising for any month or months in which such deficiency shall not exceed the aggregate at the end of the year. As has been said, the aggregate excess of all the advertisers for the year was 11,607 lines of advertising. The defendant's deficiency in the month of January was more than this, but in the month of February it was less, being 10,927 lines. In my opinion he was entitled to a credit as against this deficiency of an equal number of lines from the aggregate excess of the other advertisers, and the judgment should be modified accordingly. This view appears to accord with the practical construction given by the plaintiff and some

of the other parties to this contract to a former contract of similar terms and containing the same clause which is the subject of controversy here.

The judgment should be modified·in accordance with the view herein expressed, and, as modified, affirmed, without costs to either party.

INGRAHAM and McLAUGHLIN, JJ., concur.  LAUGHLIN and HOUGHTON, JJ., dissent.